

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**
Virginia H. Denney, Judicial Assistant
Howard J. Newman, Law Clerk

151 West Seventh Avenue, Suite 300
Post Office Box 1335
Eugene, Oregon 97440

(541) 465-6802
FAX: (541) 465-6899

December 21, 2005

Mr. David B. Mills
Attorney at Law
115 W 8th Ave #280
Eugene, OR 97401

Mr. Mark B. Comstock
Attorney at Law
POB 749
Salem, OR 97308-0749

Re: Grassmueck v. McCurter-Collins; Adversary Proceeding No. 04-6208-aer
    Cross Motions for Summary Judgment

Counsel:

        This letter is intended to announce my findings and conclusions on the above-referenced motions.

        <u>Facts</u>: From the submissions the following facts are undisputed:

        In May, 2001, Defendant filed for divorce from Debtor in Los Angeles County Superior Court. On February 6, 2002 a stipulated judgment was entered therein. The stipulated judgment divided the community property including real estate. Several parcels were awarded to Debtor, including a parcel on Esplanade Ave. in Klamath Falls, Oregon, a ranch in Beatty, Oregon, and a ranch in Bonanza, Oregon, (**the properties**). The stipulated judgment required Defendant to quitclaim her interest in the properties to Debtor. In anticipation of that requirement, approximately one month earlier, on January 4, 2002, Defendant executed bargain and sale deeds to the properties.

        The stipulated judgment also required the parties to hold each other harmless from certain obligations and included a monetary judgment of $120,000 in favor of Defendant, as an equalization of the community property division and as settlement of all other claims between the parties. The $120,000 was to be paid at $5,000/mo., beginning November 1, 2001. The judgment (by its terms) does not expressly give Defendant a lien on the properties to secure payment of the $120,000 and other obligations.

On June 14, 2002, Defendant filed the stipulated judgment in Klamath County Circuit Court as a foreign judgment.  On July 19, 2002 the bargain and sale deeds concerning the properties were recorded in Klamath County deeds and records.  On August 5, 2002, Debtor filed his Chapter 11 petition herein. The properties have been sold pursuant to orders, with the parties' rights to attach to the proceeds.  At all times within 90 days of the Chapter 11 petition, Debtor was insolvent.

Defendant's judgment lien enables her to receive more than she would have, had it not been imposed on the properties and she received distribution on her claim from the estate as an unsecured creditor under Chapter 7.

Summary Judgment Standards:

On a motion for summary judgment, the moving party has the burden to establish the absence of a material issue of fact for trial. FRCP 56©. The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Service., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Material facts are such facts as may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L. Ed. 2d 202, __(1986).

With regard to its own claims or defenses, (i.e. those elements for which the moving party bears the burden of proof at trial) the movant must support its motion with evidence-using any of the materials specified in Rule 56(c)-that would entitle it to a directed verdict if not controverted at trial. Celotex Corporation v. Catrett, 477 U.S. 317, 332, 106 S. Ct. 2548, 2557, 91 L. Ed. 265, __ (1986)(Brennan, J)(dissent). There must be more than a "scintilla", indeed the evidence must be "significantly probative." Anderson, supra at 251, 106 S. Ct. at 2511. If the movant makes the requisite affirmative showing, the burden of production shifts to the non-moving party to produce evidentiary materials that demonstrate the existence of a "genuine issue" for trial, or to submit an affidavit requesting additional time for discovery. Celotex, supra at 2557(Brennan dissent).

All inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Simone v. Manning, 930 F. Supp. 1434 (D. Or. 1996). When different ultimate inferences can be reached summary judgment is not appropriate. Id.

Discussion:

Plaintiff, the Chapter 11 Trustee, brings this action under 11 U.S.C. § 547[1] to avoid Defendant's lien on the properties as preferential. Under § 547(b) there must be (among other requirements), a transfer on or within 90 days of the petition, for or on account of an antecedent

---

[1]Unless otherwise noted, all subsequent statutory references are to Title 11 of the United States Code.

debt.[2]  Defendant contests these elements.

The stipulated judgment was filed in Klamath County Circuit Court.  Pursuant to ORS 24.105, the stipulated judgment constitutes a "foreign judgment."  A  foreign judgment, once filed in a circuit court, has the same effect as a circuit court  judgment, ORS 24.115(3)[3]  i.e. to create a lien on all real property in Klamath County  then owned by the debtor, or acquired by him in the future. See, former ORS 18.320(1) & 18.350(1).

Pursuant to §101(54),[4] the creation of this judgment lien constituted a transfer of an interest of The Debtor in the properties. Defendant cites Nelson v. Barnes (In Re Barnes), 198 B.R. 779 (9th Cir. B.A.P. (C.D. Cal.) 1996)  for the proposition that the transfer of the lien occurred on the date the stipulated judgment was entered in California because that is when the lien became "fixed".  Thus, the transfer was outside the 90 days and not on account of an antecedent debt.

In  Barnes, however, the debtor was attempting to avoid an ex-spouse's lien as impairing the homestead exemption. The Barnes court construed the term "fixing of a lien" as used in §

---

[2] Section 547(b) provides in pertinent part as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property--

> 2) for or on account of an antecedent debt owed by the debtor
> before such transfer was made;
> ...
> (4) made--
> > (A) on or within 90 days before the date of the filing of the petition....

[3] ORS 24.115(3) provides:

> A [foreign] judgment so filed [in circuit court] has the same effect
> and is subject to the same procedures, defenses and proceedings
> for reopening, vacating or staying as a judgment of the circuit
> court in which the foreign judgment is filed, and may be enforced
> or satisfied in like manner.

[4] Section 101(54) defines "transfer" in pertinent part as: "every mode...voluntary or involuntary...of disposing or parting with ...an interest in property...."

522(f)(1).[5] Nowhere is that term used in § 547.[6] Rather, § 547 is concerned with "transfers", not "fixing" and has its own rules for when those transfers occur."[7] Under §§ 547(e)(2)(A) & (B), a "transfer" for preference purposes occurs when the transfer is effective between the parties, if perfected within 10 days therefrom and if not perfected within 10 days, then on the date of perfection. Pursuant to §547(e)(1)(A), a transfer of real property is perfected when it cuts off the rights of a bona fide purchaser (BFP). Here, filing of the judgment would give sufficient notice so as to cut off a BFP.[8] Thus, under Oregon law, the lien's creation and perfection occurred simultaneously, which was within the 90 day period and on account of the antecedent $120,000 debt.[9]

---

[5] Section 522(f)(1) provides in pertinent part:

> [T]he debtor may avoid the fixing of a lien on an interest of the
> debtor in property to the extent that such lien impairs an
> exemption...if such lien is-
>      a judicial lien....

[6] Likewise, Weeks v. Pederson (In Re Pederson), 230 B.R. 159 (9th Cir. B.A.P. (N.D. Cal.) 1999), another § 522(f)(1) case cited by Defendant, is inapposite.

[7] In fact, Barnes allows that its reasoning may not apply in a dispute between third parties. Id. at 783. Here a third party (the trustee) is a litigant. Further, because § 522(f)(1) was at issue, the Barnes court held it was error for the trial court to consider when the ex-spouse's lien attached under state [California] law. Here, state law is relevant both as to the date of attachment (i.e. "the time such transfer takes effect between the transferor and the transferee") and the date of perfection. See, §§ 547(e)(1)(A) & (e)(2)(A) & (B).

[8] The filing of the judgment gave constructive notice of the lien against the properties. ORS 93.643(2)(a). Subsequent conveyances of the properties would be subject to the judgment lien. ORS 18.165 (renumbered from ORS 18.370). No other facts in the record support a third party purchaser's notice, actual or constructive, before the filing of the stipulated judgment in Klamath County Circuit Court. Mere entry of the stipulated judgment in Los Angeles County Superior Court would not give notice to a purchaser.

[9] The facts here may be distinguished from cases where the dissolution court specifically imposes a lien against property awarded to one spouse, to secure an equalization judgment in favor of the other spouse. In such a case, it is arguable the lien could be construed as part and parcel of the division of property and not on account of any antecedent debt. There may also be instances where, even if a lien is not expressly imposed, the court decrees that an equalizing judgment be paid from a specific source. If so, there is authority, as noted by Defendant, that an "equitable lien" is thereby created under California law. Huskey v. Huskey (In Re Huskey), 183 B.R. 218 (Bankr. S.D. Cal. 1995) (provision in decree providing for payment of equalizing judgment from debtor's share of the proceeds of the sale of the marital residence, constituted an "equitable lien" under California law, which came within the ambit of a "judicial lien" under the Bankruptcy Code). Here, the stipulated judgment did not require payment of the $120,000 from the proceeds of the properties. Even if it did, "perfection" of any such "equitable lien" would be

Based on the above, I conclude that there is no genuine issue as to any material fact and Plaintiff is entitled to judgment as a matter of law. Plaintiff's motion shall be granted and Defendant's motion will be denied. An order consistent herewith shall be entered.[10]

This letter constitutes my findings of fact and conclusions of law under FRBP 7052; they shall not be separately stated.

Very truly yours,

*albert E. Radcliffe*

ALBERT E. RADCLIFFE
Bankruptcy Judge

AER:jrp

---

controlled by Oregon law, as the properties are located here. It appears as a general matter, that Oregon permits the "perfection" of equitable interests in real property. See, In re Mitchell, 9 B.R. 577 (Bankr. D. Or. 1981) (equitable interests in real property need to be recorded pre-bankruptcy in order to trump a trustee's hypothetical BFP status under § 544(a)(3),); See also, Hayner v. Morley et. al.*(In Re Morley)*, Adv. # 683-6015 (Bankr. D. Or. July 12, 1983) (Luckey, J.) (unpublished). "Perfection" would have occurred when the stipulated judgment was filed in Klamath County Circuit Court on June 14, 2002, which was more than 10 days after entry in California. Thus, under §§ 547(e)(1)(A) and (e)(2)(B), the transfer of any "equitable" lien took place, at the earliest, on June 14, 2002, which was within 90 days of the petition, and for or on account of the $120,000 antecedent debt.

[10]In their memos, the parties discuss the application of § 544(a)(3). This avoidance theory has not been specifically pled. Here, because Plaintiff prevails on his preference theory, it is unnecessary to examine the merits of a § 544(a)(3) claim.